No. 92-344

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

ROBERT LEROY HANNAH,

        Petitioner and Respondent,

    and

INGEBORG JEAN HANNAH,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and for the County of Cascade,
                The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Antonia P. Marra, Bell and Marra,
            Great Falls, Montana

        For Respondent:

            James D. Elshoff, Attorney at Law
            Great Falls, Montana

FILED

MAY 4 - 1993

Filed: *Ed Smith*
    CLERK OF SUPREME COURT
       STATE OF MONTANA

Submitted on Briefs: January 21, 1993

        Decided: May 4, 1993

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Ingeborg Jean Hannah appeals from the Findings of Fact and Conclusions of Law, Judgment, and Decree of the Eighth Judicial District Court, Cascade County, granting respondent Robert Leroy Hannah's motion to modify the parties' decree of dissolution.

We reverse and vacate the order of the District Court.

Ingeborg raises three issues for this Court's consideration. We find the following issue to be dispositive:

Did the Montana District Court have jurisdiction to modify the parties' January 27, 1988, decree of dissolution?

Robert Leroy Hannah and Ingeborg Jean Hannah were married in 1962. Two children were born into the marriage. Ingeborg instituted an action for legal separation in Sumter, South Carolina. In 1984, the parties entered into a legal separation agreement which determined the distribution of property, custody of the children, maintenance, and child support. The agreement was approved by the Family Court of Sumter County. Robert moved to Great Falls, Montana, and initiated dissolution proceedings. On January 27, 1988, the Montana District Court entered a decree of dissolution which incorporated the previous separation agreement.

On September 24, 1991, Ingeborg began contempt proceedings against Robert in South Carolina for failure to pay maintenance and child support pursuant to the original separation agreement and

dissolution decree. Robert was served, but did not answer, and was found in contempt.

On November 27, 1991, Robert filed a motion in the Montana District Court asking for modification, revocation, or termination of the divorce decree. Ingeborg's South Carolina counsel was served with the motion and an order to show cause. Ingeborg did not appear before the District Court and was found in default.

On May 12, 1992, the Montana District Court entered its judgment modifying the dissolution decree by revoking child support payments, finding that Robert did not owe any maintenance to Ingeborg through the Spousal Survivor Benefit Program, and found that Ingeborg was now the sole owner of the parties' home. Ingeborg appeals the decision of the District Court.

Did the Montana District Court have jurisdiction to modify the parties' January 27, 1988, decree of dissolution?

Ingeborg contends that the Montana District Court's order modifying the decree is void because she was not personally served. Rule 5(a), M.R.Civ.P., states that:

> No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

Rule 4D, M.R.Civ.P., requires that service be made by personal service by a nonparty over the age of 18, or that the defendant acknowledge service.

3

Robert's motion to modify the original decree constituted a pleading asserting new claims of relief. Robert requested that the court "modify, revise or abolish the original separation agreement and order" and requested that the court redraft the agreement to contain more equitable provisions relating to support, alimony, maintenance, and division of property. The effect of Robert's motion is that he was asking for a new trial and seeking new and additional relief. Robert was required to comply with the provisions of Rule 4D.

Robert counters that service of Ingeborg's attorney was sufficient under Rule 5(b), M.R.Civ.P. In order for an attorney to accept service, the attorney must be "of record," which means that the attorney's name should appear somewhere in the permanent records or files of the case or on the appearance docket. In re Marriage of Hand (1957), 131 Mont. 571, 577, 312 P.2d 990, 994. Although Ingeborg's attorney's name appears on documents in the South Carolina action, these same documents were filed in the Montana District Court subsequent to the notice of appeal. This was insufficient to allow the attorney to receive service for Ingeborg.

We hold that the District Court did not have jurisdiction because there was a lack of personal service and that the order granting Robert's motion be reversed and vacated.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as

4

precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices